Nan BURNETT, Plaintiff-Respondent,

v.

Beulah HARTUNG et al., Defendants-Appellants.

No. 9422.

Missouri Court of Appeals, Springfield District.

July 3, 1973.

**654**

John L. Woodward, Steelville, for plaintiff-respondent.

G. C. Beckham, Steelville, John W. Waller, Sullivan, for defendant-appellant; Morton K. Lange, Cuba, of counsel.

## PER CURIAM.

This is an appeal by defendants from a judgment of the Circuit Court of Crawford County in a court tried case wherein title to a farm was quieted in plaintiff.

Joseph Burnett was the common source of title and died intestate in 1918 survived by his wife and six children, namely, Nan, William, Etta, Lou, John and Frank. In 1919 the widow, Nan, William's wife,[1] Etta, Lou, and John (and spouses, if any) quit-claimed their interests in the property

to Frank. In 1931 Frank by warranty deed conveyed the entire farm to Nan and the deed was duly recorded. William died in 1950 and defendants are his children. Frank died in 1966.

Nan's claim was premised upon Frank's adverse possession of the farm from 1919 to 1931 as against William and her continued adverse possession of the property since 1931 against William and defendants.

Defendants say that since Frank and Nan [neither of whom ever married] had always lived on the farm together that their possession over the years was permissive and as co-tenants with William and defendants, and the evidence was insufficient to establish adverse possession.

We have reviewed the stipulation made a part of the record and the evidence presented by the parties, and, the authorities cited in their briefs. We are of the opinion that there was substantial evidence to support Nan's claim of adverse possession, including an ouster of William by the execution and recording of the 1931 warranty deed from Frank to Nan—which deed the defendants admitted both they and their father knew about.

No error of law appearing and concluding that an opinion would have no precedential value, the judgment is affirmed pursuant to Rule 84.16, V.A.M.R.[2]

All concur except HOGAN, J., not participating.

1. Following a sunstroke in about 1908 or 1909 William entered the state hospital at Farmington and remained there until about 1921 or 1922. He returned home and lived on an adjoining farm until 1935 when he re-entered the state hospital where he remained until his death in 1950.

2. Plaintiff's petition also plead res judicata of a judgment, entered by the U.S. District Court, Eastern District of Missouri, Eastern Division, in 1969. In 1967 plaintiff conveyed a part of the

subject farm to an adopted daughter and thereafter the defendants in the present case instituted a suit for partition against the grantee and her husband in federal court. The defense of limitations was sustained by the federal court judgment. In the present case the trial court sustained defendant's motion to strike all of the allegations concerning the federal court judgment. In view of our affirmance of the trial court's judgment on the issue of adverse possession we do not deem it necessary to consider the question of res judicata.